## Case No. 16,340.

### UNITED STATES v. SMITH.

[1 Sawy. 192.] [1]

District Court, D. California. June 7, 1870.

INTERNAL REVENUE—PAWNBROKER'S TICKETS.

The ticket given by a pawnbroker under the statute of California is "an agreement or contract" within the meaning of section 170 of the internal revenue act of 1864 [13 Stat. 297].

At law.

L. D. Latimer, U. S. Dist. Atty.

Shafter, Southard & Seawell, for defendant.

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

HOFFMAN, District Judge. The demurrer in this case raises the question, whether the check or ticket given by a pawnbroker in accordance with the statute of this state is "an agreement or contract" as described in Schedule B, section 170, of the internal revenue act of 1864. The language of the schedule is, "Agreement or contract other than domestic and inland bills of lading, and those specified in this schedule, * * * five cents." The check delivered to the pawnor in this case is headed "Pawnbroker." Then follow the street and number of his shop, and the date of the loan. It then describes the property pledged, the sum loaned, with the name and residence of the pledgor. To this succeeds a memorandum as follows: "Loan for one month at ten per cent. in advance; over time, same terms. P. Smith." It will be perceived that this receipt or memorandum contains all the particulars of the contract between the parties. It is signed by the party to be charged, and distinctly sets forth the terms and conditions of the bailment. On its face it is as much a contract as a bill of lading or a warehouseman's receipt.

It is urged that inasmuch as the statute requires the pawnbroker to enter in a register book the various particulars of loans made by him, and pledges deposited with him, and to "deliver at the same time a memorandum signed by him containing a copy of the said entry; that the memorandum so delivered is not a contract or agreement, but merely a copy of an entry made in obedience to the law." The terms, "contract or agreement," as used in the internal revenue law, of course, refer not to the convention or agreement made by the parties, but to the evidence of it contained in a writing. In this sense the pawnbroker's receipt and memorandum of the date, amount and terms of the loan, and a description of the property pledged, is a contract or agreement between the parties as much as any other written memorandum which embodies and states in writing the terms of an agreement to which the parties have assented. The statute does not require merely that a copy of the entry shall be delivered to the pledgor, but that "a memorandum be delivered to him, signed by the pledgee, containing a copy of said entry." As the previous clause required that every particular necessary for the pledgor's protection should be entered in the register book, it was unnecessary to reenumerate those particulars in the subsequent clause which describes the ticket to be delivered to the pledgor. It was, therefore, provided merely, that the memorandum should contain a copy of the entry on the register, and should in addition be signed by the pawnbroker. It cannot be presumed that by adopting this mode of specifying the contents of the ticket to be delivered to the pledgor, the legislature meant in any way to impair its availability to him, or its obligation on the pawnbroker, as a contract or agreement between the parties.

It is suggested that pawnbrokers' tickets, being in common use, would have been specifically mentioned if intended to be subjected to the 5 cent tax. There may be some force in this suggestion, but it may be that congress regarded these instruments as so clearly "contracts," as not to require specific mention; and as the amounts to which they related is usually small, a uniform tax was imposed under a general description. Whereas, in other instruments and receipts, the tax being proportionate to the sums to which they related, they were necessarily mentioned specifically.

A far stronger argument in favor of the construction adopted is furnished by the fact that the tax of five cents has been collected on pawnbrokers' checks, under instructions of the commissioner of inland revenue, since the passage of the act, and no case is reported where the collection of the tax has been disputed or resisted.

I am, therefore, of opinion that the pawnbroker's check mentioned in the declaration is a contract or agreement, and that a stamp of five cents should have been affixed to it, as required by law. The demurrer is therefore overruled.